In the Matter of William Allen GREEN-LY and Linda Joan Greenly, Debtors.

**ASSOCIATES FINANCIAL SERVICES COMPANY, Plaintiff,**

v.

**William Allen GREENLY and Linda Joan Greenly, Defendants.**

**Bankruptcy No. 79–250.
Adv. No. 79–4.**

United States Bankruptcy Court, D. Delaware.

Aug. 18, 1980.

Frederick Knecht, Jr., Wilmington, Del., for Associates Financial Services.

Benjamin F. Shaw, III, Georgetown, Del., for debtors.

HELEN S. BALICK, Bankruptcy Judge.

This is the court's opinion and order on a motion for judgment on the pleadings in an action brought by Associates Financial Services ("Associates") to gain possession of a television set in the possession of William Allen Greenly and Linda Joan Greenly ("debtors"). The debtors' interest in that property was claimed as exempt under 11 U.S.C. § 522(d)(3), (5), but no valuation was placed on the set. In their answer, debtors asserted that Associates' lien should be avoided pursuant to § 522(f)(2)(A) and counterclaimed for $365.19. This figure is the difference between the deferred payment price of $571.63 in the agreement between William Allen Greenly and Associates dated October 11, 1977 and the balance of $206.44 which Associates claims is due it. Debtors contend that this is the amount of the debtors' exempt interest and that because of § 522(c) no part of the property may be used to satisfy any pre–petition debt during or after the case without paying that amount to the debtors.

During briefing, the debtors conceded that Associates has a valid purchase money security interest in the television set which cannot be avoided under § 522(f)(2)(A). Section 522(c) prevents the holder of any nondischargeable debt other than alimony or taxes from proceeding against exempt property during and after the case. It does not prohibit the satisfaction of a valid lien from property exempted under § 522(b). Holders of valid liens on exempt property are entitled to retain their rights unimpaired by bankruptcy.

Congress recognizing, however, that certain property subject to a lien may be essential or at least worth more to the debtor than anyone else provided in § 722 that an individual debtor in a liquidation case may redeem tangible personal property intended primarily for personal, family or household use from a lien securing a dischargeable consumer debt, if that property is exempted under § 522, by paying the holder of such lien the amount of the allowed secured claim. In short, the "provision amounts to a right of first refusal for the debtor in

consumer goods that might otherwise be repossessed." Report of the Committee on the Judiciary, Bankruptcy Law Revision, H.R.Rep.No. 595, 95th Cong., 1st Sess. 380–81 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6336.

The pleadings reflect disagreement between the parties as to the amount of Associates' claim. This question must be resolved before Associates can repossess or the debtors can redeem the property.